```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                       DISTRICT OF VERMONT

Larry Drown,                    :
        Plaintiff,              :
                                :
     v.                         :        File No. 1:06-CV-198
                                :
Bernard Sanders,                :
        Defendant.              :
```

OPINION AND ORDER
(Papers 3 and 7)

Plaintiff Larry Drown, proceeding *pro se*, brings this action claiming that Congressman Bernard Sanders, currently a candidate for the U.S. Senate, ran in the 2006 Democratic primary without any intention of being the Democratic candidate in the 2006 general election.[1]  For relief, Drown petitions the Court "to direct the Democratic Party to either appoint a candidate for this position from the second place democratic primary winner or another Democrat of their choice."  (Paper 5 at 1).

Sanders has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Paper 3).  In his motion, Sanders first argues that the complaint should be dismissed because the relief requested is targeted at the Democratic Party, and not Sanders himself.  The Court agrees.  The only relief sought in the complaint is the appointment of an alternative nominee by

---

[1] Drown filed his complaint in state court on September 19, 2006.  Sanders removed the case to this Court by mean of Notice of Removal filed on October 19, 2006.  (Paper 1).

the Democratic Party. Because the Democratic Party is not a defendant in this case, the Court cannot grant the requested relief.

Sanders also argues that there has been no legal violation. Under Vermont law, a person who is nominated by a party may withdraw his candidacy. 17 V.S.A. § 2371(b). The party may replace the withdrawn candidate, but Vermont law does not compel a replacement. 17 V.S.A. §§ 2381(1), 2382(1). Drown is not challenging the Vermont statutory scheme. Moreover, for this Court to order the selection of an alternative nominee would run counter to the Democratic Party's right of association. As the Supreme Court stated in Cal. Democratic Party v. Jones, 530 U.S. 567, 575 (2000):

> In no area is the political association's right to exclude more important than in the process of selecting its nominee. That process often determines the party's positions on the most significant public policy issues of the day, and even when those positions are predetermined it is the nominee who becomes the party's ambassador to the general electorate in winning it over to the party's views.

(Citations omitted). Drown's legal claim is, therefore, without merit.

Subsequent to filing his complaint, Drown filed a motion for an immediate hearing. (Paper 7). In this motion, Drown asks the Court to freeze any money given to Sanders as a Democrat so that it may be "given back to the rightful

donors." Id. at 1.  Construing the motion liberally as an amendment to the complaint, Drown does not establish that he has standing to bring such a claim.  Specifically, Drown does not claim that he, a competitor of Sanders for the Democratic nomination, donated any money to the Sanders campaign.  Consequently, he has failed to allege an actual injury traceable to the contribution of funds to Sanders.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 563 (1992); Albanese v. Fed. Election Comm'n, 884 F. Supp. 685, 692-93 (E.D.N.Y. 1995).

Under Rule 12(b)(6), a court may not dismiss a complaint unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  When the complaint is filed *pro se*, a court must generously construe the plaintiff's allegations.  Davis, 320 F.3d at 350.  Here, the complaint fails as a matter of law.  Liberal construction of the facts does not alter this conclusion, and leave to replead would be futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (leave to replead may be denied when problem with cause of action is substantive); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Therefore, and for the reasons set forth above, Sanders' motion to dismiss (Paper 3) is GRANTED, Drown's motion for immediate hearing (Paper 7) is DENIED as moot, and this case is DISMISSED with prejudice.

Dated at Brattleboro, in the District of Vermont, this 30th day of October, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge